```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA        *           CIVIL ACTION

VERSUS                          *           NO: 06-10952

$48,000 U.S. CURRENCY           *           SECTION: "D"(2)
```

## ORDER AND REASONS

Before the court are the following motions filed by the United States of America:

(1) **"Motion to Strike Answer of Claimant Larry Martin;"**

and

(2) **"Motion to Strike Claims of Claimants Keenan Robinson and Larry Martin;"**

A single reply memorandum was filed by counsel on behalf of Larry Martin and Keenan Robinson. The motions are before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motions should be granted.

## I. Background

On July 19, 2006, the Drug Enforcement Administration (DEA)

seized $48,000 in U.S. currency from Larry Martin. DEA then initiated administrative forfeiture proceedings on the currency by sending written notice to Martin. On September 18, 2006, the DEA received claims filed by Martin (claiming he was owner of $20,000 of the seized currency) and Keenan Robinson (claiming he was owner of $28,000 of the seized currency). (*See* DEA Claims filed by Martin and Robinson, Gov.'s Ex. A included in Doc. No. 19-2). DEA then referred the matter to the United States Attorney's Office for the Eastern District of Louisiana.

On December 15, 2006, pursuant to 21 U.S.C. §881(a)(6), the instant Complaint for Forfeiture was filed against the Defendant $48,000 stating that this money was "furnished or intended to be furnished by any person in exchange of controlled substances." (*See* Complaint at ¶6). On the same date, the Government sent a copy of the Complaint to Martin and Robinson. (*See* Gov. Ex. B included in Doc. No. 19-2).

On January 10, 2007, Larry Martin filed an Answer, stating that $20,000 of the Defendant $48,000 U.S. Currency was his, and the remaining $28,000 was the property of Keenan Robinson. (*See* Martin's Answer, Doc. No. 3). However, no answer was filed by Keenan Robinson.

On January 23, 2007, the Government sent Keenan Robinson and counsel for Larry Martin correspondence with a copy of a Notice of

Seizure, which set forth the deadlines for filing a **verified claim and an answer**. (*See* Gov. Ex. C included in Doc. No. 19-2). On January 29, 2007, February 5 and 12, 2007, the Notice of Seizure was published in the Times-Picayune newspaper, stating that a **claim** in the seized currency was due on **March 5, 2007**, and an **Answer** was due **20 days thereafter**. (*See* Gov.'s Ex. A included in Doc. No. 10-3 at p. 2; Rec. Docs. Nos. 6 and 8).

On April 10, 2007, the Government filed its Motion to Strike Larry Martin's Answer because he had not filed a verified claim. (Doc. No. 10). Further, the Government filed a "Motion Noting Partial Default" of $28,000 U.S. Currency of the Defendant $48,000 U.S. Currency, because *no pleadings* were filed as to the $28,000 of the Defendant $48,000 U.S. Currency. (Doc. No. 9).

On April 25, 2007, Larry Martin and Keenan Robinson (represented by the same counsel) filed a reply memorandum to the Government's Motion to Strike Larry Martin's Answer. Further, on April 25, 2007, both Larry Martin and Keenan Robinson filed Verified Claims for the seized currency. (Docs. Nos. 11 and 12). On May 8, 2007, the Government filed its Motion to Strike these Verified Claims. No Answer has been filed by Robinson.

## II.  Legal Analysis

Rule G(5) of the Supplemental Rules for Admiralty or Maritime

and Asset Forfeiture Claims (formerly Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims) provides in pertinent part:

> **(5) Responsive Pleadings**
>
> **(a) Filing a Claim.**
>
> > (I) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
> >
> > > (A) identify the specific property claimed;
> > >
> > > (B) identify the claimant and state the claimant's interest in the property;
> > >
> > > (C) be signed by the claimant under penalty; and
> > >
> > > (D) be served on the government attorney designated under Rile G(4)(a)(ii)(C) or (b)(ii)(D).
> >
> > (ii) Unless the court for good cause sets a different time, the claim must be filed:
> >
> > > (A) by the time stated in a direct notice sent under Rule G(4)(b);
> > >
> > > (B) if the notice was published but direct notice was not sent to the claimant or the claimant's attorney, no later than 30 days after final publication of newspaper notice or legal notice under Rule G(4)(a) or no later than 60 days after the

4

>   >   first day of publication on an official internet government forfeiture site; or
>
>   (C)  if notice was not published and direct notice was not sent to the claimant or the claimant's attorney:
>
>   >   (1)  if the property was in the government's possession, custody, or control when the complaint was filed, no later than 60 days after the filing, not counting any time when the complaint was stayed before execution or a warrant issued under Rule G(3)(b)...
>
>   **(b) Answer.**  A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 20 days after filing the claim.

Supp. Rule G(5).

Here, Martin and Robinson have failed to file Verified Claims and Answers in accordance with the requirements of Supplemental Rule G(5). As set forth in the Notice of Seizure, the deadline for filing Verified Claims was March 5, 2007, and Martin and Robinson did not file their Verified Claims until April 25, 2007. Further, Martin and Robinson did not file a motion for extension of time to file their Verified Claims.

As reflected in the Reply (Doc. No. 13) filed to the Government's Motion to Strike Martin's Answer, Martin and Robinson are represented by the same attorney, C. Gary Wainwright. Mr. Wainwright represents that he did not receive the Government's letter dated January 23, 2007, which attached the Notice of Seizure setting forth the deadlines for filing a claim and answer. However, counsel and claimants were aware of the Government's filing of the Complaint for Forfeiture, as evidenced by Exhibits 8 and 9 (Government's letters dated December 15, 2006 with attached copies of Complaint for Forfeiture) attached to their Reply Memorandum.

Thus, even if Martin and Robinson were unaware of the newspaper publication of the Notice of Seizure and did not receive the actual direct notice sent by the Government, Martin and Robinson were still required, under Supplemental Rule G(5)(a)(ii)(C), to file their Verified Claims no later than 60 days after the filing of the Complaint for Forfeiture, or on February 13, 2007. Martin's and Robinson's filings of their Verified Claims on April 25, 2007 is too late.

Further, Martin's filing of his Answer (on January 10, 2007) <u>before</u> the filing of his Verified Claim is not in accordance with Supplemental Rule G950(b). As noted by the Fifth Circuit, "[t]he filing of a claim is a prerequisite to the right to file an answer

6

and defending on the merits." *United States v. One 1988 Dodge Pickup*, 959 F.2d 37, 42 n. 6(5th Cir. 1992), *quoting* 7A Moore's Federal Practice ¶C. 16, p. 700.14 (2d Ed. 1988).

The Fifth Circuit requires "strict compliance" with the rule that governs the filing of claims and answers in forfeiture suits.[1] *United States v. Real Property*, 123 F.3d 312, 313 (5th Cir. 1997), *citing United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1115 (5th Cir. 1992)(finding that district court did not abuse its discretion in striking claim and answer a untimely under Rule C(6)).

However, a district court may excuse a claimant's failure to strictly comply with Supplemental Rule G(5) when certain mitigating factors are present. *United States v. Twenty Seven (27) Assorted Firearms*, 2005 WL 2645010 (W.D.Tex. 2005)(Rodriguez, J.). Such factors that militate against strictly adhering to Supplemental

---

[1] Accordingly, the courts of the Eastern District of Louisiana have routinely required strict compliance with the procedural requirements of Rule G(5), formerly Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. *See e.g., United States v. $31,000.00 U.S. Currency*, 1990 WL 163610 (E.D.La. 1990 )(Sear, J.); *United States v. Land, 330 Schoolhouse Road*, 1993 WL 475489 (E.D.La. 1993)(Mentz, J.); *United States v. 1987 Chevrolet Spectrum*, 1984 WL 80894 (E.D.La. 1994)(McNamara, J.).; *United States v. $4,019.83 U.S. Currency*, 1994 WL 72079 (E.D.La. 1994)(McNamara, J.); *United States v. $6,000 U.S. Currency*, 2000 WL 680339 (E.D.La. 2000)(Barbier, J.); *United States v. $8,554.00*, 1998 WL 209150 (E.D.La. 1998)(Duval, J.)**(cases included in Doc. No. 10-3 as Gov.'s Exs. B-G)**.

As Judge Feldman wrote in construing Rule C(6), "[s]trict conformity, not casual compliance, is the message of the case literature." *United States v. $288,914.00 U.S. Currency*, 722 F.Supp. 267, 270 (E.D.La. 1989).

Rule G(5) and excuse or extend the time for filing a claim are: (1) the claimant, in good faith, attempted to file a claim on time or inform the government of his interest; (2) the claimant relied to his detriment on misinformation from a government source; (3) the claimant actively pursued his interest in the seized property and expended considerable resources preparing the case for trial; (4) the claimant was acting *pro se*; (5) the government itself failed to follow the proper procedures; and (6) the excuse or extension would not prejudice the government.  *Id.* at *3.

Here, Martin and Robinson have failed to show any mitigating factors that would excuse them from filing verified claims and answers in a timely manner.  While they filed claims in the administrative forfeiture action, those claims are not a substitute for filing a verified claim in the judicial forfeiture action because summary administrative forfeitures and judicial forfeitures are distinct proceedings.  *Id.* at *3, n. 1; *United States v. $2,857.00*, 754 F.2d 208 (5th Cir. 1985).

Further, Martin's and Robinson's "failure to present any evidence demonstrating a good faith attempt to file a [verified] claim on time, detrimental reliance on government misinformation, or expense of considerable resources preparing this case for trial, weighs heavily in the Court's decision to not exercise its discretion and provide additional time to file a verified claim."

8

*Id.* at *4.

Further, Martin and Robinson are not acting *pro se*, as evidenced by their counsel's filing of their Reply Memorandum (Doc. No. 13) and attached Exhibits.  And there is no showing that the Government failed to follow the proper procedures.  Finally, the Government would be prejudiced by allowing the late filing of Matin's and Robinson's Verified Claims, because "the length and cost of litigation has increased for the government."  *United States v. Property Identified as $88,260*, 925 F.Supp. 838, 842 (D.D.C. 1996)(Urbina, J.).  And even if the government was not prejudiced, "[a]llowing a late filing whenever the government would not be prejudiced would subvert the strict time limits established by Supplemental Rule [G(5)] and encourage claimants to litigate every untimely filing in a forfeiture case."  *Id.* at n.15, *quoting United States v. Borromeo*, 945 F.2d 750, 755 (4th Cir. 1991)(J. Wilkinson, concurring).

The only explanation that Martin and Robinson have provided for the their untimely filing of their Verified Claims is that it was an inadvertent mistake.  (Reply Memo., Doc. No. 13, at p. 5).  However, Martin and Robinson are represented by counsel who states that he "has previously litigated federal forfeiture cases through trial."  (*Id.*).  Thus, counsel should have been aware of and knowledgeable of federal civil forfeiture law and the requirements

9

of Supplemental Rule G(5). The court does not consider inadvertence, ignorance of the rules or mistake construing the rules excusable neglect, where an attorney is involved. *United States v. Property Identified as $88,260*, 925 F.Supp. at 843.

Accordingly;

**IT IS ORDERED** that the Government's **"Motion to Strike Answer of Claimant Larry Martin"** be and is hereby **GRANTED**, and the court **STRIKES** the Answer filed by Larry Martin; and

**IT IS FURTHER ORDERED** that the Government's **"Motion to Strike Claims of Claimants Keenan Robinson and Larry Martin"** be and is hereby **GRANTED**, and the court **STRIKES** the Verified Claims filed by Keenan Robinson and Larry Martin.

New Orleans, Louisiana, this **17th** day of **May**, **2007**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE